NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1139
_____

VICKSON KORLEWALA;
LORPU KORLEWALA,

Appellants

v.

DETECTIVE DENNIS SLOBODIAN, Individually, Badge #9239,
Philadelphia Police Department, Southwest Police Division;
DETECTIVE CAMPBELL, Individually, Badge #724,
Philadelphia Police Department, Southwest Police Division;
DETECTIVE SWEENEY, Individually, Badge #8048,
Philadelphia Police Department, Central Detective Division;
DETECTIVE CAREY, Individually, Badge #9225,
Philadelphia Police Department, Central Detective Division;
HUNT, State Trooper, Individually, Badge #793,
Philadelphia Police Department, Central Detective Division
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2-15-cv-06042)
District Judge: Honorable Lynne A. Sitarski
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 9, 2017

Before: SMITH, *Chief Judge*, HARDIMAN, *Circuit Judge*, and
BRANN, *District Judge*.*

_____

* The Honorable Matthew W. Brann, United States District Judge for the Middle
District of Pennsylvania, sitting by designation.

(Filed: November 13, 2017)

_____

OPINION[**]

_____

HARDIMAN, *Circuit Judge*.

Vickson and Lorpu Korlewala appeal a summary judgment in favor of five City of Philadelphia Police detectives. We will affirm.

## I[1]

The Korlewalas raise two issues on appeal. First, they claim the District Court erred when it held that Detectives Slobodian and Campbell could not be held liable for false arrest as a matter of law. Second, they argue the Court erred when it held that all five of the detectives could not be held liable for conspiracy to deprive the Korlewalas of their Fourth Amendment rights. We address each argument in turn.

## A

After Detective Hunt submitted an affidavit of probable cause, arrest warrants issued, and the Korlewalas were held on various theft-related charges. Count II of the Korlewalas' amended complaint alleged that they had been falsely arrested in violation of

---

[**] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] The Korlewalas' claims arose under 42 U.S.C. § 1983, so the District Court had jurisdiction pursuant to 28 U.S.C. § 1331. We exercise jurisdiction under 28 U.S.C. § 1291. Our review of orders granting summary judgment is plenary. *Gallo v. City of Philadelphia*, 161 F.3d 217, 221 (3d Cir. 1998) (citation omitted). Summary judgment is proper when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

the Fourth Amendment. Count II named only Detectives Slobodian and Campbell, both of whom were involved in the pre-arrest investigation. In support of their false-arrest claim, the Korlewalas pointed to three allegedly-inaccurate assertions and one omission made not by Detectives Slobodian and Campbell, but by Detective Hunt in his probable-cause affidavit. They asserted that such inaccuracies demonstrated that the arrest warrants were obtained based on an affidavit containing either knowing and deliberate misstatements or assertions made with a reckless disregard for the truth.

In considering the detectives' motion for summary judgment, the United States District Court for the Eastern District of Pennsylvania applied our decisions in *Wilson v. Russo*, 212 F.3d 781 (3d Cir. 2000), and *Dempsey v. Bucknell University*, 834 F.3d 457 (3d Cir. 2016). The District Court began by assessing whether each inaccuracy was either a knowing and deliberate misstatement or evinced reckless disregard for the truth. After determining that one of Detective Hunt's inaccuracies did constitute reckless disregard, the District Court reconstructed the affidavit so that it contained the correct information. Finally, the Court considered whether the reconstructed affidavit would still establish probable cause. After concluding that it would, the Court held that the Korlewalas' Fourth Amendment claim failed as a matter of law.

In addition to that conclusion—and critical to this appeal—the District Court granted summary judgment to Detectives Slobodian and Campbell on an alternative ground: the Court held that the Korlewalas failed to produce any evidence suggesting that these detectives had "personal involvement in the alleged wrongs." *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

In this appeal, the Korlewalas challenge the District Court's holding that no constitutional violation took place, but they make no argument that the District Court erred when it held that Detectives Slobodian and Campbell had no personal involvement. Accordingly, they have forfeited this argument. *See United States v. Pelullo*, 399 F.3d 197, 222 (3d Cir. 2005). That forfeiture dooms their false-arrest claim because, where alternative and independently-sufficient holdings exist, "failure to address one of the holdings results in a [forfeiture] of any claim of error with respect to the court's decision on that issue." *Kauther SDN BHD v. Sternberg*, 149 F.3d 659, 668 (7th Cir. 1998), *abrogated on other grounds by Morrison v. Nat'l Austl. Bank Ltd.*, 561 U.S. 247 (2010). Therefore, we will affirm the District Court's summary judgment for Detectives Slobodian and Campbell.

B

Count III of the amended complaint named all five detectives, alleging they conspired to deprive the Korlewalas of their Fourth Amendment rights. In its summary judgment opinion, the District Court noted that the Korlewalas had not produced any evidence that the detectives agreed to violate their constitutional rights, as is required for conspiracy liability under § 1983. Additionally, the Court reasoned that, because the underlying § 1983 claim lacked merit, it followed that the conspiracy claim failed.

The District Court did not err when it held that an agreement was required to sustain the conspiracy claim. Conspiracy to commit false arrest requires an agreement between multiple individuals to deprive another of his Fourth Amendment rights. Like any agreement, this requires a "meeting of the minds." *Startzell v. City of Philadelphia*,

4

533 F.3d 183, 205 (3d Cir. 2008) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970)).

The Korlewalas have cited no evidence to support the existence of an agreement. They suggested in the District Court that Detectives Slobodian and Hunt conspired by "exchang[ing] notes and photos" and "agree[ing] that [they] had the same people and same scheme." Plaintiffs Counter Statement of Undisputed Facts ¶ 24, App. 97. But they presented no evidence supporting this claim to the District Court, either at summary judgment or in their motion for reconsideration. Nor have they done so on appeal. Their argument therefore rests solely on their pleadings and the arguments made in their briefs, which do not suffice to defeat a motion for summary judgment. *See Trap Rock Indus. v. Local 825, Int'l Union of Operating Eng'rs*, 982 F.2d 884, 890–91 (3d Cir. 1992). Because we agree with the District Court on this point, we need not revisit its alternative holdings. *See Levy v. Sterling Holding Co.*, 544 F.3d 493, 508–09 (3d Cir. 2008).[2]

II

For the reasons stated, we will affirm the District Court's summary judgment.

---

[2] The Korlewalas mention various other claims such as malicious prosecution, excessive force, deprivation of due process, and deprivation of jury trial rights. We need not address these claims because they were neither pleaded nor raised in the motion for reconsideration. *Webb v. City of Philadelphia*, 562 F.3d 256, 263 (3d Cir. 2009).